# Exhibit A

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
08/15/2022
CT Log Number 542127065

## Service of Process Transmittal Summary

**TO:**   John L Hall
PROGRESSIVE CASUALTY INSURANCE COMPANY
10940 WHITE ROCK RD STE 130
RANCHO CORDOVA, CA 95670-6182

**RE:**   **Process Served in California**

**FOR:**   Progressive Commercial Casualty Company  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALEXANDER GAVRIC, individually and on behalf of all others similarly situated vs. UBER TECHNOLOGIES, INC. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, Notice(s), Cover Sheet, Stipulation |
| **COURT/AGENCY:** | San Diego County Superior Court - Central Division, CA<br>Case # 37202200027585CUBTCTL |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/15/2022 at 03:10 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Thomas A. Leary<br>Law Offices of Thomas Leary, APC<br>3023 First Avenue<br>San Diego, CA 92103<br>619-291-1900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2022, Expected Purge Date: 08/21/2022<br><br>Image SOP<br><br>Email Notification,  John L Hall  john_hall_10@progressive.com<br><br>Email Notification,  Jay Wesolowski  jay_t_wesolowski@progressive.com<br><br>Email Notification,  Laura Tubbs  Laura_D_Tubbs@progressive.com<br><br>Email Notification,  Tiffany L Moore  tiffany_l_moore@progressive.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |



**CT Corporation**
**Service of Process Notification**
08/15/2022
CT Log Number 542127065

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Mon, Aug 15, 2022
**Server Name:**                       Douglas Forrest

| Entity Served | PROGRESSIVE COMMERCIAL CASUALTY COMPANY |
|---|---|
| Case Number | 37202-200027585CUBTCTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
07/12/2022 at 06:50:50 PM
Clerk of the Superior Court
By Jimmy Siharath, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* UBER TECHNOLOGIES, INC., a Delaware corporation;
RASIER, LLC, a Delaware limited liability company; RASIER-CA, LLC, a Delaware
limited liability company; [Additional Parties Attachment Form Attached]
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEXANDER GAVRIC, individually and on behalf of all others similarly situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court - Central Division<br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):*<br>37-2022-00027585-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC
275 West Market Street, San Diego, CA 92101; (619) 550-1355

DATE: 07/14/2022
*(Fecha)*

Clerk, by _J. Siharath_ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Progressive Commercial Casualty Corp dba Progressive Insurance

   under: [X] CCP 416.10 (corporation)  [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [X] by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ALEXANDER GAVRIC, et al. v. UBER TECHNOLOGIES, INC., et al. | 37-2022-00027585-CU-BT-CTL |

**INSTRUCTIONS FOR USE**

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff     ☒ Defendant     ☐ Cross-Complainant     ☐ Cross-Defendant

PROGRESSIVE COMMERCIAL CASUALTY CORP. dba PROGRESSIVE INSURANCE, a Ohio corporation; BLUE HILL SPECIALTY INSURANCE COMPANY, INC., a Ohio corporation; and DOES 1 through 100, inclusive.

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1  Thomas A. Leary, Esq., SBN 123792
   **LAW OFFICES OF THOMAS LEARY, APC**
2  3023 First Avenue
   San Diego, California 92103
3  Phone: 619-291-1900

4  Robert Hamparyan, Esq. SBN 181934
   Aida Van Herk, Esq. SBN 297607
5  **HAMPARYAN PERSONAL INJURY**
   **LAWYERS SAN DIEGO, APC**
6  275 W. Market Street
   San Diego, CA 92101
7  Phone: 619-550-1355

8  Attorneys for Plaintiff individually and on behalf
   of all others similarly situated,

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                 **IN AND FOR THE COUNTY OF SAN DIEGO**

13

14  ALEXANDER GAVRIC, individually and )   CASE NO.  37-2022-00027585-CU-BT-CTL
    on behalf of all others similarly situated, )
15                                            )   **CLASS ACTION COMPLAINT FOR**
                        Plaintiff,            )   **DAMAGES AND INJUNCTIVE RELIEF**
16                                            )   **BASED ON:**
           v.                                 )
17                                            )   **(1)   UNLAWFUL PRIVATE GAG ORDERS**
                                              )   **(Civ. Code section 1670.8)**
18  UBER  TECHNOLOGIES,  INC.,  a )
    Delaware corporation; RASIER, LLC, a )     **(2)   VIOLATIONS  OF  THE  UNFAIR**
19  Delaware  limited  liability  company; )   **COMPETITION LAW (Bus. & Prof. Code**
    RASIER-CA, LLC, a Delaware limited )       **sections 17200 et seq.)**
20  liability  company;  PROGRESSIVE )
    COMMERCIAL CASUALTY CORP. dba )            **(3)   BREACH OF CONTRACT**
21  PROGRESSIVE INSURANCE, a Ohio )
    corporation; BLUE HILL SPECIALTY )         **(4)   BREACH OF IMPLIED COVENANT OF**
22  INSURANCE COMPANY, INC., a Ohio )          **GOOD FAITH AND FAIR DEALING (BAD**
    corporation; and DOES 1 through 100, )     **FAITH)**
23  inclusive,                                )
                                              )   **(5)   INTERFERENCE WITH CONTRACT**
24                      Defendants.           )
                                              )   **(6)  AIDING AND ABETTING BREACH OF**
25                                                **IMPLIED  COVENANT  OF  GOOD  FAITH**
                                                  **AND FAIR DEALING (BAD FAITH)**
26
                                                  **(7) INTENTIONAL MISREPRESENTATION**
27
                                                  **JURY TRIAL DEMANDED**
28

---
                                  - 1 -
                         *CLASS ACTION COMPLAINT*

1    Plaintiff Alexander Gavric by and through their undersigned attorneys, on behalf of
2    themselves and all others similarly situated, hereby allege as follows:

3    **I.    INTRODUCTION**

4        1. This is a class action complaint ("Complaint") brought against Defendants by individuals,
5    who pursued uninsured/underinsured ("UM/UIM") bodily injury claim(s) or wrongful death
6    claim(s) arising from damages sustained as a result of their Uber ride share service contract in
7    California. Despite each claimant's valid UM/UIM claims, UM/UIM settlements and any
8    payments thereof were made conditional upon life-long sentences of silence.

9        2. Despite claimants' valid UM/UIM claims, first-party benefits were unlawfully withheld
10   and payments were purposefully delayed, unless and until claimants each agreed to Defendants'
11   demands to execute an unlawful release containing confidentiality and non-disparagement
12   provisions. Claimants injured as a result of Uber's ride share services were forced into an untenable
13   position against giant corporations - either sign away their rights or forgo compensation for their
14   injuries.

15       3. Defendants' conduct broke the law, breached the covenants of good faith and fair dealing
16   owed to the UM/UIM claimants, and stifled their rights to free speech. Defendants' strong-arm
17   tactics to silence injured parties were and continue to be intentionally exercised in order to protect
18   Uber's self-promoting public image of what falsely appears to be a safe and reliable transportation
19   service. Uber's unlawful business practices, purposefully designed to hide negative publications and
20   conceal the truth, have been and continue to be shamelessly executed by Defendants to maintain and
21   increase its users (i.e. customers) and prop up its stock price, all while breaching their duties to first-
22   party UM/UIM claimants and denying the public access to accurate safety and reliability information
23   so that they may make informed decisions as consumers about whether to use Uber's ride share
24   services.

25       4. In this action, Plaintiff on behalf of themselves and all others similarly situated ("Class")
26   seek an order permanently enjoining Defendants from engaging in these ongoing unlawful and
27   unfair practices, and request restitution as appropriate, civil penalties, damages, and all other
28   relief available under California law.

1    5. All allegations in this Complaint are based upon information and belief, except for those

2    allegations which pertain to the Plaintiff named herein and their counsel. Each allegation in this

3    Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

4    opportunity for further investigation and discovery.

5    6. All allegations herein are hereby incorporated into each cause of action to the extent

6    necessary or useful to clarify and complete each stated cause of action, to avoid repetition and

7    redundancy.

8    **II.    JURISDICTION AND VENUE**

9    7. This Court has subject matter jurisdiction over all causes of action alleged in this

10   Complaint and is a Court of competent jurisdiction to grant the relief requested, pursuant to the

11   California Constitution Article VI, Section 10, and is a  Court being of competent jurisdiction to

12   grant the relief requested.

13   8. Plaintiff's claims for violations of California Civil Code Section 1670.8; for California

14   Business & Professions Code Sections 17200, et seq.; for breach and interference of contract; for bad

15   faith conduct; and for intentional misrepresentation; arise under the laws of the State of California,

16   are not preempted by federal law, do not challenge conduct within federal agency's exclusive

17   domain, and are not statutorily assigned to any other trial court.

18   9. Defendants each transact business in the State of California, with the unlawful conduct

19   occurring predominantly or exclusively within the State of California and was intended to and did

20   substantially affect business and commerce within this State.

21   10. The named Plaintiff and the members of the Class exceed 100 persons with greater than

22   two-thirds of the members of the Class in the aggregate being citizens of California.

23   11. At least one Defendant is a defendant whom significant relief is sought by the named

24   Plaintiff and the Class; whose alleged conduct forms a significant basis for the claims asserted by

25   the named Plaintiff and the Class; and who is a citizen of California.

26   12. No other class action has been filed asserting the same or similar factual allegations

27   against any of the Defendants on behalf of the same or other persons.

28   ///

1    13. Venue is proper in this Court pursuant to sections 395 and 395.5 of the Code of Civil

2    Procedure because one or more of the Defendants conducted substantial business in the City and

3    County of San Diego. The injuries that have been sustained as a result of Defendants' illegal conduct

4    occurred in part in the City and County of San Diego.

5    **III.    THE PARTIES**

6    **A. Plaintiffs**

7    14. Plaintiff Alexander Gavric ("Mr. Gavric") is a California Citizen, residing in San Diego

8    County, California. Mr. Gavric suffered injuries as a result of an Uber ride share incident occurring

9    in California on or around October 18, 2020. Defendants required Mr. Gavric sign a release

10   containing a confidentiality clause, a waiver of rights, and non-disparagement clause in order for a

11   settlement to be had. Such a release was signed on or around August 26, 2021.

12   15. The named Plaintiff and the Class are collectively referred to herein as "Plaintiffs."

13   **B. Defendants**

14   16. Defendant Uber Technologies, Inc., ("Uber") is a Delaware Corporation. Uber maintains

15   its headquarters and principal place of business in the City and County of San Francisco, California.

16   17. Defendant Rasier, LLC is a Delaware Corporation. Rasier, LLC maintains its

17   headquarters and principal place of business in the City and County of San Francisco, California.

18   Defendant Rasier-CA, LLC is a Delaware Corporation. Rasier-CA, LLC maintains its headquarters

19   and principal place of business in the City and County of San Francisco, California.

20   18. Uber is the parent company of Rasier, LLC, and Rasier-CA, LLC. Defendants Uber,

21   Rasier, LLC, and Rasier-CA, LLC, are collectively referred to herein as "Defendant Uber" or "Uber."

22   19. Defendant Progressive Commercial Casualty Corporation operating as Progressive

23   Insurance ("Progressive") is an Ohio Corporation. Progressive is licensed to market, underwrite, and

24   sell insurance and insurance-related services in the state of California.

25   20. Defendant Blue Hill Specialty Insurance Co. Inc. ("Blue Hill") is an Ohio Corporation

26   that is a subsidiary of Progressive. Defendants Progressive and Blue Hill, are collectively referred

27   to herein as "Defendant Progressive" or "Progressive."

28   / / /

- 4 -
*CLASS ACTION COMPLAINT*

21. Doe Defendants 1 through 100, inclusive, whether individuals, corporations, insurers, partnerships, or otherwise, are fictitious names of Defendants whose true names are, at this time, unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages were proximately and legally caused by those defendants. Plaintiff will amend this Complaint to reflect the true names and capacities of Does 1 through 100 when ascertained.

22. Furthermore, the Doe Defendants in this action committed the same or similar acts alleged as the named Defendants herein. Therefore, all acts alleged to have been committed by the named Defendants are also alleged to have been committed by the Doe Defendants.

23. Each reference in this Complaint to "Defendant," "Defendants," or specifically named defendants refers to all named defendants and those sued under fictitious names.

24. At all times relevant, Defendants, and each of them, were acting as the agents, employees, joint venturers, representatives, brokers, managing officers, co-conspirators, and/or alter egos of each other, and were acting within the course and scope of such employment or agency, with the power and authority vested in them as employees or agents, and with the advanced knowledge, acquiescence or subsequent ratification, either expressed or implied, of each of the other Defendants in performing the acts alleged herein.

25. As alleged more fully below, each of the Defendants participated and acted with or in furtherance, or aided or assisted in carrying out the purposes of the unlawful conduct, and have performed acts and made statements in furtherance of the violations of California law.

26. Each Defendant acted both individually and in alignment with the other Defendants with the full knowledge of their respective wrongful conduct. As such, Defendants conspired together, building upon each other's wrongdoing, in order to accomplish the acts outlined herein.

## IV.    GENERAL ALLEGATIONS

### What is Uber?

27. Uber is a private for-profit company that, in part, markets and sells to consumers ground transportation services, which essentially involves calling for a vehicle and a driver to take a person

1   to a place or places for a fee, otherwise known as a "ride share." Uber first started in approximately

2   2009 as "UberCab," which was a black car service, limited to people in San Francisco.

3       28. Since then, Uber has gained popularity over traditional taxi services as the primary option

4   for on-demand everyday transportation, particularly since Uber markets itself as cheaper, more

5   convenient, safer, and more reliable for the customer. Uber has essentially upended ground

6   transportation services globally as it transports consumers all over the world. Since Uber's inception,

7   there have been consistent year over year increases in its users and revenue for its ride share services.

8   According to Uber, it provided approximately 1.8 billion trips grossing about $25.9 billion in

9   bookings in Quarter 4 of year 2021 alone.

10      29. As a common carrier under California law, transporting people from one location to

11  another for profit, Uber must use the highest and utmost care, vigilance, and diligence for the safe

12  transportation of its passengers. It must provide everything that is needed to safely transport

13  consumers, and in doing so, Uber must exercise all care, skill, and foresight that can be reasonably

14  exercised under the circumstances in order to avoid causing injuries to passengers.

15      30. Indeed, Uber proclaims that it is the safest and most reliable ride share service company

16  in the industry and that it is "committed to safety...with the aim of reducing incidents."In fact, Uber

17  markets the company as one of the safest ways to get from A to B and touts that it is not only fully

18  dedicated to accountability and action on safety but that it has set the "gold standard" for safety

19  practices. Uber contends that by being transparent and holding themselves publically accountable

20  for its safety issues, it can make ride share services safer for everyone.

21      31. Despite making such bold safety and transparency representations to consumers, Uber's

22  actions as alleged herein tell a different story. In fact, Uber has gone to great lengths to ensure that

23  users injured from an Uber ride share will never speak about their Uber services, effectively

24  eliminating scores of bad public reviews.

25      32. In reality, Uber's ride share services are not as safe nor transparent as it leads on. Rather,

26  Uber has simply implemented a business strategy that unlawfully silences its users injured from

27  ride share services so that Uber can falsely keep up the appearance of a transparent and safe

28  company.

1  Left unchecked, Defendants will continue to intentionally flout the law, concealing the truth and

2  misleading the public, consumers, and regulatory agencies, all to Defendants' financial benefit.

3  **Uber's History of Silencing Injured Parties**

4        33. Uber has a long history of silencing people. For almost a decade, Uber forced passengers

5  who were raped, assaulted, or harassed by Uber drivers to resolve their cases through arbitration and

6  confidential settlement releases, with the objectives of silencing those Uber passenger victims;

7  shielding Uber from public scrutiny; and creating a false  illusion of Uber passenger safety and

8  security. Uber's muzzling tactics including confidentiality, non-disclosure, and non-disparagement

9  agreements in favor of Uber, were employed to prevent the public, including present and future Uber

10  consumers, from learning about the frequency and severity of rapes, harassment, and assaults by

11  Uber drivers against Uber passengers. Uber's goal was to make it less likely that injured passengers

12  and others would speak up, all to the detriment of passenger safety and other important public policy

13  needs. At the same time, Uber continued to hold itself out to the public as a company that provided

14  a safe and reliable transportation service.

15        34. It was not until a California class action, in or around November 2017, forced Uber to

16  retreat from such silencing measures, and when Uber's chief legal officer, Tony West, announced

17  that the company was dropping the mandatory confidentiality provisions it had with drivers, riders,

18  and employees for claims of sexual assault or harassment in an effort to maintain the public's trust

19  for Uber. Uber further announced that it would publish a "safety transparency report" that would

20  include data on sexual assaults and incidents that occur within Uber.

21        35. However, despite Mr. West's promise for Uber's transparency and accountability as a

22  whole, the public and others have remained and continue to remain completely in the dark with

23  respect to Uber's ongoing numerous ride share incidents, including the substantial pay outs to

24  victims of Uber's ride-share services, including those injured or killed in an Uber accident.

25        36. For years, and continuing through the present date, Uber has wrongly concealed important

26  information regarding the details, frequency, and prevalence of incidents from the public by engaging in

27  unlawful tactics to forever silence injured parties. Simply put, the less bad news about Uber ride

28  share incidents there is, the safer and more reliable its services outwardly appear to the public.

**How Does Uber Continue To Silence Injured Parties?**

37. Uber knows its public image is tremendously important to keep its market share in the ride share industry as it is critical to Uber's success. If the public sees Uber and its drivers as dangerous, then its customers may shift to a competitor, including taxi companies, ultimately resulting in less users, less rides, and less revenue for the company. Additionally, negative media and attention towards Uber is not something that its investors like to hear.

38. Therefore, in order to maintain the image of a safe and reliable company, Uber continues to silence injured parties through its implementation of a business strategy that ensures that the public including safety regulators do not find out about the true number of incidents causing injuries to Uber ride share passengers.

39. As part of a consumer's purchase of an Uber ride share service, and as required by law, passengers in standard Uber rides are provided with first-party UM/UIM motorist coverage for injuries that occur as a result of a ride share. From approximately 2015 through the present, primary insurance coverage in California was and is through James River, Progressive, and other DOE insurers.

40. In the event that a passenger is injured and they elect to pursue a UM/UIM bodily injury and/or death claim(s), Uber, through insurance companies, purposefully delays settlements and withholds payments thereof unless and until Uber has successfully intimidated a claimant into a life-long commitment of silence.

41. For years and to date, Uber's customary business practice is to unlawfully interfere with the first-party duties owed by insurance companies to first-party claimants injured as a result of an Uber ride share service. Despite knowing that first party claimants are entitled to the covenants of good faith and fair dealing, Uber insisted and continues to insist that insurance companies' first-party UM/UIM settlement offers were and are made expressly conditional on the execution of a release and agreement containing strict confidentiality and non-disparagement provisions, with the goal of preventing claimants from speaking freely about Uber, the incident, and/or any settlement monies received. By backing injured passengers into a proverbial corner, Defendants unlawfully gain the silence of claimants forever, allowing Uber to hide facts about ride share incidents and mitigate its losses by maintaining the illusion that its services are safe.

1    42. Plaintiff has been subjected to Defendants' unlawful actions including delayed
2    settlements and the withholding of UM/UIM benefits that they were otherwise lawfully entitled to
3    until they were coerced into signing a release, in violation of California law, that effectively muzzled
4    them forever.

5    **Defendants' Settlements Contingent Upon Silencing Clauses**

6    43. It is indisputable that court case files are public records and subject to public inspection.
7    California Rules of Court, rule 2.400(a) states that all papers in the court files may be inspected by
8    the public in the office of the clerk. The Superior Court of California, including the County of San
9    Diego, in accordance with Rule 2.5.5 provided that it is the policy of the court that confidentiality
10   agreements and protective orders are disfavored and should be recognized and approved by the court
11   only when there is a genuine trade secret or privilege to be protected.

12   44. Despite the public's rights to open courts and judicial records, Defendants repeatedly
13   require complete secrecy from UM/UIM claimants injured as a result of an Uber ride share service.

14   45. In fact, Defendants make it clear upon the mere initiation of a claim and repeatedly
15   thereafter, that UM/UIM settlement offers will be and are expressly conditional upon a release
16   containing strict confidentiality and non-disparagement clauses. Indeed, if a UM/UIM claimant
17   desires to receive any compensation for injuries resulting from an Uber ride share incident, claimants
18   must each agree to a lifelong sentence of silence. Without such an agreement, Defendants threaten
19   claimants that the settlement will not be had and payment will be delayed.

20   46. At all times material, Progressive's response upon receipt of a letter of representation
21   states the following: "When we reach a settlement agreement, the required release will include non-
22   disclosure and non-disparagement language." (Such a redacted document is attached hereto.)

23   47. At all times material, Progressive's subsequent letters referencing claim information
24   contain the following language: "**Please note that once we have reached a settlement agreement,
25   the required release will include non-disclosure and non-disparagement language. This release will
26   need to be executed by both the attorney and client(s) with a notary stamp needed. Please
27   contact me with any concerns before settlement, to avoid delay in release of funds.**" (Such a
28   redacted document is attached hereto.)

48. At all times material, Progressive's written settlement offers were made and continue to be made to UM/UIM claimants with the following language: "We would like to confirm our offer of [$ amount] for settlement of [name of claimant]'s uninsured/underinsured motorist claim." "** As this policy is maintained by Uber, our release will include a non-disclosure and non-disparagement clause that will need to be signed off WITH a notary by the client as well as the attorney in order for us to have a settlement.**" (A redacted conditional settlement offer is attached hereto.)

49. The strict confidentiality provision in Defendants' release lists "Confidential Information" as the following: (1) The Release and all of its terms, (2) the settlement amount, any prior offers, and negotiations leading up to the Release, (3) the identity of the Parties to the Release, and/or (4) any facts giving rise to the Release that could identify any Released Party. The provision further states that the Releasor(s) agree not to publish, disclose, seek publicity, advertise, or allow access to any "Confidential Information" including but not limited to using and/or communicating on, with and/or to (a) social/digital media; (b) traditional media (print, television, radio, press conferences, or public statements; (c) owners of taxi or livery service companies and organizations that represent their interests; and/or (d) the internet. (A standard release that was never signed is attached hereto.)

50. Defendants not only tell the releasor claimant what they cannot say, but to further control the public narrative, Defendants tell them what *to* say if an inquiry is made with respect to the settlement or facts giving rise to the same. Specifically, Defendants direct that a releasor claimant shall respond by saying only, "...no comment other than this matter was resolved."

51. Even worse, in some cases, Uber threatens the claimant releasor with penalties. If the confidentiality provision is violated, Defendants write that "Releasor(s) must pay to Uber Technologies, Inc., 25% of the settlement amount in liquidated damages per violation plus

///

///

///

///

1    reasonable attorneys' fees and costs incurred to enforce the Release in the event that the Releasor(s)

2    disclose the Confidential Information."

3        52. Defendants also pile on a non-disparagement clause requiring that the injured claimant

4    agree never to ever defame, disparage, or impugn Uber and its ride share services.

5        53. At all times material, Defendants' unlawful and despicable business tactics as described

6    above ensure that the details regarding Uber's ride share incidents and related safety information are

7    tightly sealed off from consumers and the public, shielding Uber from any bad press or reviews.

8    Ultimately, this allows Uber to skew its reported ride share incident data, allowing it to maintain and

9    promote to the public a false illusion of safety and reliability.

10       **Defendants' Flagrant Violation of California Laws**

11       **a. Forcing Claimants to Execute UM/UIM Release and Waiver of Rights**

12       54. At all times material, Defendants were legally obligated to adhere to California laws,

13   including California Insurance Code Section 11580.2 (h), which provides that UM/UIM benefits,

14   must be paid without the first party claimant being required to sign any release or waiver or rights

15   to which he may be entitled under UM/UIM bodily injury insurance coverage. First party bodily

16   injured claimants, are entitled, as a matter of law, to recovery under the UM/UIM endorsement or

17   coverage without being required to sign any release or waiver of rights.

18       55. Despite such obligations, Defendants communicate UM/UIM settlement offers and then

19   upon their committing that settlement offer to a writing, Defendants, as discussed above, delay

20   settlements and withholding benefits until claimants agree to sign a release containing strict

21   confidentiality and non-disparagement clauses, and a complete waiver of rights, in direct violation

22   of California law.

23       **b. Forcing Non-Disparagement Clauses**

24       56. At all times material, it was unlawful in California to include non-disparagement clauses

25   in consumer contract agreements. The "Yelp Law" which went into effect on January 1, 2015 was

26   designed to stop businesses from including clauses in their consumer contracts or terms of service

27   agreements prohibiting the consumer from posting negative comments or reviews online. The law,

28   codified at Cal. Civ. Code section 1670.8, specifically provides that a contract or proposed contract

1    for the sale or lease of consumer goods or services may not include a provision waiving the

2    consumer's right to make any statement regarding the seller or lessor or its employees or agents

3    concerning the goods or services. It is also unlawful to threaten or to seek to enforce a provision

4    made unlawful under section 1670.8 or to otherwise penalize a consumer for making any statement

5    regarding the seller or its employees, agents, goods, or services. Further, any waiver of the provisions

6    of this section is contrary to public policy, and is void and unenforceable.

7         57. From the inception of a UM/UIM claim, Defendants begin making it clear to each

8    claimant that any settlement reached will be contingent upon a non-disparagement clause. Without

9    such an agreement, Defendants threaten that a settlement will not be had and therefore payment will

10   be withheld and delayed.

11        58. Defendants' non-disparagement provision states that releasor(s) shall not take any action

12   or make any statements, verbal, electronic, or written, to any third-party that disparage or defame

13   Defendants with regard to any details regarding the claim or settlement. By making its settlement

14   offers contingent upon signing a non-disparagement provision, Defendants have effectively sought

15   to unlawfully prohibit a claimant consumer injured through their ride share service agreement from

16   speaking the truth about their Uber experience.

17        59. Uber knows that claimant consumers injured by its ride share services are the most likely

18   consumers to make a negative statement about Uber. Defendants are also acutely aware of the effect

19   that bad reviews can have on Uber's bottom line. Therefore, Defendants strap the non-disparagement

20   clause to the strict confidentiality clause forcing claimant consumers to waive their rights to

21   comment about the incident or any settlement obtained as a result of injuries suffered from a Uber

22   ride share incident, since publically disseminated statements of the same would undoubtedly be

23   viewed as negative and disparaging. (See standard release never signed.)

24        60. In some instances, Defendants' settlement agreements further threaten liquidated damages

25   to the injured party in that they must pay Uber a specified amount (25% of the settlement amount)

26   if the confidentiality agreement or non-disparagement clauses are breached. Uber also threatens

27   the injured party with having to pay Uber's attorneys' fees if it sues the injured party for violating

28   the conditions - all in direct violation of California law.

**Defendants' First Party Insurance Bad Faith Conduct**

61. Progressive owes a duty to Uber passengers who pursue UM/UIM claims to deal in good faith as such a duty extends to beneficiaries not parties to the insurance contract, in as much as public policy of California declares that uninsured motorist coverage was provided for their benefit.

62. While Uber passengers are not individually named as insureds under UM/UIM policy, Uber passengers are considered insureds and intended beneficiaries of the UM/UIM insurance coverage and in accordance with the plain language of the policy. Accordingly, injured Uber passengers are entitled to first-party benefits and rights under the Progressive policy.

63. Despite such duties, Progressive, with Uber's oversight, wrongly and unlawfully intimidated and pressured injured claimants by dangling a settlement in front of each of them intentionally misrepresenting that the settlement could only be had if the claimant agreed to a release waiving all rights away including any future claims. By doing so, Progressive violated the law and intentionally breached their contract including their duties of good faith and fair dealing that were undoubtedly owed to Uber injured UM/UIM claimants.

64. Progressive further breached its duties by intentionally, maliciously, oppressively, and despicably delaying and withholding UM/UIM settlements and payments thereof at Uber's direction until claimants agreed to execute a signed release containing unlawful and abusive confidentiality, non-disparagement, and/or liquidated damage provisions that were purposefully designed to punish and muzzle Uber injured passengers. Defendants actions delaying settlements and withholding settlement monies for valid UM/UIM claims directly breached their duties of good faith and fair dealing that were owed to claimants.

65. After wrongfully and unlawfully inducing claimants to consent to such a release, Defendants unilaterally   assigned a portion (at least $100) of the settlement amount as "separate and specific consideration" for the confidentiality and non-disparagement provisions to make it seem as if the unlawful provisions were bargained for and that the agreement and release were entered into by claimants freely and voluntarily, while at the same time wrongly exposing claimants to financial tax consequences.

/ / /

1  66. Despite Uber's knowledge of the duties owed by Progressive and other insurers to injured

2  claimants under the UM/UIM insurance contract, Uber knowingly, intentionally, maliciously, and

3  repeatedly interfered and aided Progressive to breach their first-party duties to injured claimants.

4  Progressive and other insurers each had an economic relationship with Uber which was substantially

5  likely to result in future economic benefit to them should they act in concert with Uber to forever

6  silence ride share injured claimants to protect Uber's image and market share, while intentionally

7  flouting the law in conscious disregard of UM/UIM claimants' rights.

8  **V.   CLASS ACTION ALLEGATIONS**

9  67. Plaintiff brings this action on behalf of themselves and all others similarly situated as a

10  class action, and thus seek class certification under California Code of Civil Procedure section 382.

11  68. All claims alleged herein arise under California law for which Plaintiff seeks relief

12  authorized by California law.

13  69. Plaintiff brings this action on behalf of the following Class: All UM/UIM claimants who

14  suffered injuries as a result of an Uber ride share service occurring in California on or after January

15  1, 2015 whose settlement offers and payments thereof were contingent upon their execution of a

16  release containing a   confidentiality clause with or without an associated liquidated damages

17  provision, a waiver of rights, and/or a  non-disparagement clause.

18  70. Plaintiff Mr. Gavric is a representative party who will fully and adequately protect the

19  interests of the proposed Class members. Plaintiff has retained counsel who are experienced and

20  competent in both class action, first party bad faith actions, and consumer litigation. Plaintiff has no

21  interests which are contrary to or in conflict with those of the Class they seek to represent.

22  71. Excluded from the Class are (i.) Defendants, any entity in which Defendants have a

23  controlling interest or which has a controlling interest in Defendants, and Defendants legal

24  representatives, predecessors, successors, and assigns; (ii.) governmental entities; (iii) Defendants'

25  employees, officers, directors, agents, and representatives and their family members; and (iv.) The

26  Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

27  72. Plaintiff reserves the right to amend the Class definition if discovery or further

28  investigation reveal the Class should be expanded or otherwise modified.

1    73. The members of the Class is so numerous that joinder of all members is impracticable.
2    Uber's ride share transportation service is available to consumers throughout the State of California.
3    While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is
4    informed and believes that Class numbers will be in the thousands.

5    74. This action has been brought and may properly be maintained as a class action because
6    there is a well-defined community of interest amongst the Class in this litigation which common
7    issues predominate. The Class is readily definable and prosecution as a class action will eliminate
8    the possibility of duplicative litigation while also providing redress for claims that would otherwise
9    be too small to support the expense of individual complex litigation. The disposition of the Class'
10   claims in a class action rather than in individual actions would be superior to all other methods and
11   will benefit the parties and the Court.

12   75. Class-wide damages are essential to induce Defendants to comply with the state laws
13   alleged in this Complaint.

14   76. Plaintiff's claims are typical of those of the Class and predominate over any questions
15   that may affect individual members. Among the questions of law and fact common to the Class,
16   include but are not limited to the following:

17       i.     whether Defendants' first party UM/UIM bodily injury/wrongful death releases
18              including all terms are enforceable;

19       ii.    whether Defendants violated California law, including but not limited to Insurance
20              Code Section 11580.2 (h) and California Code Section 1670.8;

21       iii.   whether Progressive breached its first party duties owed to Plaintiffs,
22              and whether Uber aided and abetted Progressive to breach said duties;

23       iv.    whether Uber interfered with contracts between Plaintiff and Progressive;

24       v.     whether Defendants knew and/or recklessly disregarded the falsity or misleading
25              nature of their statements;

26       vi.    whether Defendants have engaged in unfair methods of competition, unconscionable
27              acts or practices, and unfair or deceptive acts or practices in connection with its
28              tactics to forever suppress and muzzle Plaintiff;

vii.   whether, as a result of Defendants' misconduct, Plaintiff has suffered damages, and if so, the appropriate amount thereof;

viii.  whether, as a result of Defendants' misconduct, Plaintiff is entitled to equitable relief and/or other relief, and if so, the nature of such relief;

ix.    whether injunctive relief and declaratory relief is appropriate, including barring Defendants from engaging in the wrongful practices set forth herein in the present and in the future.

## FIRST CAUSE OF ACTION

### (For Unlawful Private Gag Orders, Civil Code Section 1670.8)

#### *Against Uber and Does*

77. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

78. Defendants proposed a contract for the sale of a ride share service that ultimately caused injuries to Plaintiff.  When Plaintiff initiated claims for their injuries resulting from the ride share service, Defendants, upon mere notice of the claims, began insisting upon confidentiality and non-disparagement clauses, threatening Plaintiff that their settlement would not be had without a release that waived Plaintiff's rights to make any statement regarding Uber, its ride share services, or its drivers.

79. On January 1, 2015, it became unlawful in California to include non disparagement clauses in consumer contract agreements. The law, codified at Cal. Civ. Code section 1670.8 specifically provides that a contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents concerning the goods or services. It is also unlawful to threaten or to seek to enforce a provision made unlawful under section 1670.8 or to otherwise penalize a consumer for making any statement regarding the seller or its employees, agents, goods, or services. Further, any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable.

80. Section 1670.8(c) establishes a private right or action against any person who violates it.

1    81. Defendants' violations were willful and intentional. Defendants intentionally forced the

2  release with non-disparagement provision despite knowing such provision expressly violated

3  California law.

4    82. Defendants willfully and intentionally threatened its non-disparagement provision and

5  punished Plaintiff by refusing to provide them with UM/UIM benefits that they were otherwise

6  lawfully entitled to for the injuries suffered as a result of Uber's ride share service, unless and

7  until they agreed to sign a release containing provisions to silence Plaintiff.

8    83. As a direct and foreseeable result of Defendants' violations of Civil Code Section 1670.8,

9  Plaintiff was injured in that their UM/UIM settlement was delayed and payment thereof was

10  withheld until Plaintiff was forced to agree to sign a release containing the unlawful non-

11  disparagement clause. Plaintiff was further injured when their free-speech rights under the United

12  States Constitution and the California Constitution were impinged, they were placed in fear of

13  financial penalties and legal repercussion should they ever speak out.

14    84. Accordingly, Plaintiff seeks a permanent injunction prohibiting Defendants and their

15  affiliated and agents from proposing UM/UIM settlement releases that waive passenger

16  claimants' rights to make any statement regarding Uber, its ride share services, or its drivers. as

17  well as the civil penalties specified by section 1670.8 (c)-(d).

18            **SECOND CAUSE OF ACTION**

19      **(Violations of Cal. Bus. & Prof. Code Section 17200 et seq.)**

20             ***Against Uber and Does***

21    85. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

22    86. California's Unfair Competition Law ("UCL") as codified by California Business &

23  Professions Code sections 17200, et seq., protects both consumers and competitors by promoting fair

24  competition in commercial markets for goods and services. California's UCL is interpreted broadly

25  and provides a cause of action for any unlawful, unfair, or fraudulent business practice that causes

26  injury to consumers falls within the scope of California's UCL.

27  ///

28  ///

87. Defendants' acts and practices constitute unlawful or unfair business practices against Plaintiff. It is unfair and unlawful for Defendants to threaten injured ride-share claimant consumers with penalty provisions and lawsuits merely for sharing their honest opinions about Uber's services.

88. It is unfair and unlawful for Defendants to demand a release from Plaintiff containing confidentiality and non-disparagement contracts as a condition of receipt of first party benefits for the injuries they suffered as a result of Uber's ride share services.

89. It is unfair and dangerous that Californians have to decide whether to use Uber's ride share service without the benefit of reading the candid reviews of those willing to speak truth to power.

90. Defendants perpetrated these acts and practices against Plaintiff and as a direct and proximate result of the foregoing, Plaintiff has suffered and continue to suffer damages in a sum to be proven at the time of trial.

91. Plaintiff further seeks a permanent injunction prohibiting Defendants from penalizing or suing Plaintiff who exercised their right to make any disparaging statement regarding Uber's ride share services or its drivers.

### THIRD CAUSE OF ACTION

#### (Breach of Contract)

#### *Against Progressive and Does*

92. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

93. Plaintiff qualifies as an "insured" under the Progressive coverage forms' standard insured language.

94. Defendants breached the terms of the contract by delaying settlement and withholding UM/UIM benefits due under the contract by forcing Plaintiff to submit to a release contingent upon non-disclosure and non-disparagement clause in order to have a settlement and for a payment to be made.

95. As a direct, proximate, and legal result of the Defendants' breach(es) of the contract, Plaintiff has been and continues to be damaged, including but not limited to the loss of benefits under the contract, consequential damages including interest on monies Plaintiff could and should

1   have received promptly, but which they did not receive in a timely fashion as a result of Defendants'

2   breach of contract, and other fees, expenses, and costs to be proven at the time of trial.

3                              **FOURTH CAUSE OF ACTION**

4                       **(Breach of Implied Covenant of Good Faith)**

5                          **and Fair Dealing (First Party Bad Faith))**

6                              *Against Progressive and Does*

7        96. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

8        97. The Progressive UM/UIM policy contained implied covenants of good faith and fair

9   dealing, whereby Defendants each agreed to perform its obligations under the policy in good faith,

10  to deal fairly with Plaintiff, and not to unreasonably deprive them of their rights.

11       98. Defendants tortiously breached its implied covenant of good faith and fair dealing arising

12  from the insurance contract by unreasonably withholding benefits due under the policy, by failing

13  to treat Plaintiff and all others similarly situated consistently; by failing to honor a settlement

14  without it being contingent upon a release containing non-disclosure and non-disparagement

15  clauses;  by causing delay in paying any benefits to Plaintiff; by failing to pay full policy benefits

16  in a timely manner; by denying payment of full policy limits and/or undisputed sums;   by

17  intentionally misrepresenting that Plaintiff must sign a contingent release in order for a settlement

18  to be had; and by intentionally violating California law.

19       99. Despite Plaintiff's lawful entitlement to timely payment of the benefits pursuant to the

20  policy, Defendants refused and failed to follow reasonable standards for prompt investigation and

21  claim processing by insisting that Plaintiff agree in advance to forever keep quiet and to never say

22  anything disparaging about Defendants until the end of time.

23       100. Defendants engaged in a course of conduct to further their own economic interests

24  and in violation of its obligation to Plaintiff. Defendants' conduct described herein constitutes

25  part of Defendants' overall scheme to profit from writing Uber's premiums and to shield

26  themselves and Uber from liability and conceal business dealings from the public by coercing

27  Plaintiff to sign away their rights to  receive even a single dollar for their legitimate injuries. This

28  conduct includes, but is not limited to the conduct alleged herein and the following:

a.    Misrepresenting relevant facts or insurance policy provisions relating to UM/UIM coverage;

b.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims when the amount of loss was reasonably clear;

c.    Unreasonably refusing to pay insurance benefits which a reasonable person would have believed Plaintiff was entitled to receive;

d.    Unreasonably delaying/withholding payments to Plaintiff in bad faith knowing Plaintiff's claims for benefits under the policy to be valid by improperly conditioning the ultimate settlement and payment thereof upon a signed release containing confidentiality and non-disparagement clauses, and a complete waiver of rights, and further threatening that their settlement would not be had without the same, all in violation of California law;

e.    Wrongfully, knowingly, unlawfully, and unilaterally assigning a portion (at least $100) of the settlement amount as "separate and specific consideration" for the confidentiality and non-disparagement provisions to make it seem as if the unlawful provisions were bargained for and that the agreement and release were entered into by Plaintiff freely and voluntarily, while at the same time wrongly exposing Plaintiff to financial tax consequences.

101. Defendants' conduct described herein constitutes Defendants' overall financial scheme to protect Defendants and Uber from liability and negative publicity by silencing Plaintiff as well as improperly including a section 1542 waiver. Without any reasonable basis for doing so, and with full knowledge and/or conscious disregard of the consequences, Defendants have, in bad faith failed and refused to perform its obligations under the insurance policies and the laws of California.

102. As a direct, proximate, and legal result of these breaches of the covenant of good faith and fair dealing by Defendants, Plaintiff believed that they had no other choice but to consent to Defendants' unlawful terms.

103. As a direct, proximate, and legal result of Defendants' wrongful conduct, Plaintiff has and continues to be damaged in an amount including but not limited to, loss of policy benefits under

1   the contract, consequential damages including interest on monies Plaintiff could and should have
2   received promptly, but which they did not receive in a timely fashion as a result of Defendants'
3   breach of contract, and other fees, expenses, and costs to be proven at the time of trial.

4      104. As a direct, proximate and legal result of the wrongful conduct of Defendants, Plaintiff
5   suffered other economic and non-economic damages, in amounts to be proven at the time of trial.

6      105. On the basis of all of the facts alleged above, Defendants' conduct and actions were
7   despicable, and were done maliciously, oppressively and with a willful and conscious disregard of
8   Plaintiff's rights, thereby subjecting Plaintiff to undue hardship and distress, entitling Plaintiff to
9   punitive damages under California Civil Code Section 3294. Defendants' officers, directors, and
10  managing agents were personally involved in the decision making process with respect to the
11  conduct alleged herein and/or ratified such misconduct.

12  **FIFTH CAUSE OF ACTION**

13  **(Interference with Contract)**

14  ***Against Uber and Does***

15     106. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

16     107. Progressive has at all relevant times owed contractual duties to Plaintiff.

17     108. Uber at all relevant times knew that Progressive owed contractual duties duties
18  to Plaintiff.

19     109. Despite such knowledge, Defendants' and each of them, at all relevant times knowingly,
20  willfully, and intentionally induced, encouraged, aided, abetted, and facilitated Progressive to
21  breach its   contractual duties to Plaintiff  by, among other things, engaging in the unjustified
22  conduct described above, including, without limitation, inducing Defendants to violate California
23  Insurance Code Section 11580.2(h) by demanding that Plaintiff  sign a release; to violate
24  California Code Section 1670.8 by demanding confidentiality and non-disparagement clauses; to
25  purposefully delay and/or withhold benefits from Plaintiff  until they agreed to non-disparagement and
26  confidentiality; to make settlement agreement and releases contingent on confidentiality; to force Plaintiff
27  into waiving the legal protections under California Civil Code Section 1542; to threaten penalties by way
28  of liquidated damages; to assign a portion of the settlement amount to confidentiality; to threaten attorneys'

1    fees and costs if Defendants had to counter-sue for any breach of confidentiality by Plaintiff,

2    all to the their detriment and in violation of California law.

3        110. Defendants, and each of them, at all relevant times, conspired with each other to

4    knowingly, willfully, and intentionally induce, encourage, aid, abet, and facilitate Progressive to

5    breach its  contractual duties and obligations to Plaintiff  by amongst other acts, engaging in the

6    unjustified and unlawful conduct described above.

7        111. Defendants' purpose in taking the actions described above was to intentionally harm the

8    interests of Plaintiff and forcefully and unlawfully obtain their silence and commitment to not tell

9    the truth about Defendants' ride-share services in order to mitigate its losses and maintain a positive

10   public image, all to the detriment of Plaintiff and in violation of California law.

11       112. Progressive  had and continues to have an economic relationship with Uber which was

12   and is substantially likely to result in future economic benefit to them should they act in concert with

13   Uber to forever silence ride share injured claimants to protect Uber's image and market share.

14       113. As a result of the actions of Defendants, Progressive did in fact breach its contractual

15   duties to Plaintiff.

16       114. Plaintiff  has been damaged as a direct, proximate and legal result of Defendants'

17   wrongful conduct in an amount to be determined  at the time of trial.

18       115. On the basis of all of the facts alleged above, Defendants' conduct and actions were

19   despicable, and each of them acted with malice, oppression, fraud, an intent to injure, and with a

20   willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to undue hardship

21   and distress, entitling Plaintiff to punitive damages under California Civil Code Section 3294.

22   Defendants' officers, directors, and managing agents were personally involved in the decision

23   making process with respect to the conduct alleged herein and/or ratified such misconduct.

## SIXTH CAUSE OF ACTION

### (Aiding and Abetting a Breach of Implied Covenant of Good Faith and Fair Dealing (Bad Faith) )

### *Against Uber and Does*

Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

1  116. Progressive has at all relevant times owed first-party duties of good faith and fair dealing
2  to Plaintiff.

3  117. Uber has at all relevant times, known that Progressive owed special first-party duties
4  to Plaintiff.

5  118. Despite such knowledge, Uber actively induced, encouraged, interfered, impaired,
6  aided, abetted, and facilitated Progressive to breach its contractual and special first-party duties to
7  Plaintiff by, among other things, engaging in the unjustified conduct described above, including,
8  without limitation, inducing Defendants to violate California Insurance Code Section 11580.2(h) by
9  demanding that Plaintiff sign a release; to violate California Code Section 1670.8 by demanding
10  confidentiality and non-disparagement clauses; to purposefully delay and/or withhold benefits from
11  Plaintiff until they agreed to non-disparagement and confidentiality; to make settlement agreement
12  and releases contingent on confidentiality; to force Plaintiff into waiving the legal protections
13  under California Civil Code Section 1542; to assign a portion of the settlement amount to
14  confidentiality; to threaten attorneys' fees and costs if Defendants had to counter-sue for any
15  breach of confidentiality by Plaintiff all to the their detriment and in violation of California law.

16  119. Defendants, and each of them, at all relevant times, conspired with each other to
17  knowingly, willfully, and intentionally induce, encourage, aid, abet, and facilitate Progressive to
18  breach its contractual duties and special obligations to Plaintiff by amongst other acts, engaging in
19  the unjustified and unlawful conduct described above.

20  120. Defendants' purpose in taking the actions described above was to intentionally harm the
21  interests of Plaintiff and forcefully and unlawfully obtain their silence and commitment to not tell
22  the truth about Defendants' ride-share services in order to mitigate its losses and maintain a positive
23  public image, all to the detriment of Plaintiff and in violation of California law.

24  121. Progressive had and continues to have an economic relationship with Uber which was
25  and is substantially likely to result in future economic benefit to them should they act in concert with
26  Uber to forever silence ride share injured claimants to protect Uber's image and market share.

27  ///

28  ///

1   122. As a result of the actions of Defendants, Progressive did in fact breach their special first-
2   party duties to Plaintiff.

3   123. Plaintiff has been damaged as a direct, proximate and legal result of Defendants'
4   wrongful conduct in an amount to be determined at the time of trial.

5   124. On the basis of all of the facts alleged above, Defendants' conduct and actions were
6   despicable, and each of them acted with malice, oppression, fraud, an intent to injure, and with a
7   willful and conscious disregard of Plaintiff's rights, thereby subjecting Plaintiff to undue hardship
8   and distress, entitling Plaintiff to punitive damages under California Civil Code Section 3294.
9   Defendants' officers, directors, and managing agents were personally involved in the decision
10  making process with respect to the conduct alleged herein and/or ratified such misconduct.

11                          **SEVENTH CAUSE OF ACTION**
12                          **(Intentional Misrepresentation)**
13                          ***Against All Defendants***

14  125. Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

15  126. Defendants acting under the direction and on behalf of Uber made intentional
16  representations as set forth herein to Plaintiff.

17  127. Defendants coerced Plaintiff into signing a release by representing that any settlement
18  offers and payments made to them under the Progressive policy had to be expressly contingent upon
19  signing a release that included confidentiality and non-disparagement agreements. Defendants knew
20  that by repeatedly threatening to withhold Plaintiff's settlement, Plaintiff who was vulnerable and
21  wanting to be compensated for their injuries would believe there was no reasonable alternative but
22  to consent to Defendants terms.

23  128. Defendants assertions and representations of facts were not true, Defendants knew
24  that the assertions and representations were not true, but Defendants made such representations
25  anyway - recklessly and without any regard for the truth.

26  129. Defendants intentionally suppressed from Plaintiff the true representation that in fact
27  they did not have to sign any release in accordance with California law, and that its representations
28  ///

1  that Plaintiff had to sign a release containing confidentiality and non-disparagement clauses in order

2  for a settlement to be had and monies to be paid under the UM/UIM coverage were false.

3      130. Defendants' acts, representations, and communications with Plaintiff as identified above

4  were knowingly false and made with the intent that Plaintiff would rely on Defendants false

5  representations. Defendants knew that the releases would mitigate their expensive pay outs by

6  silencing Plaintiff from ever talking about the incident, the settlement, or the ride-share

7  services/employees, thereby shielding any negative reviews about Uber from the public, ultimately

8  protecting its stock price and profits.

9      131. Plaintiff relied on the false representations and assertions. This reliance upon

10  Defendants' misrepresentations was justified because of the manner in which Defendants made the

11  representations which included but was not limited to the following conduct: Defendants would

12  send multiple communications including the settlement offer in writing and expressly state in no

13  uncertain terms that per Defendants, and each of them, in order to have a settlement, the release

14  containing the non-disclosure and non-disparagement clauses must be signed. Defendants further

15  purposefully delayed and withheld benefits it owed to first-party Plaintiff through the Progressive

16  UM/UIM policy until they complied with Uber's terms.

17      132. Plaintiff believed and relied upon Defendants' representations, assertions, and conduct

18  that if they did not sign, there would not be any settlement and they would not be compensated for

19  the injuries they suffered from Uber's ride-share services.

20          Plaintiff has been damaged as a direct, proximate and legal result of Defendants'

21  wrongful conduct in an amount to be determined at the time of trial.

22      133. In committing the above intentional misrepresentations, Defendants and each of them

23  acted with malice, oppression, fraud, and conscious disregard of Plaintiff's rights, entitling them

24  to punitive damages under California Civil Code Section 3294.

25      134. Defendants' officers, directors, and managing agents were personally involved in the

26  decision making process with respect to the conduct alleged herein and/or ratified such

27  misconduct.

28  ///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually, on behalf of the Class and on behalf of the public pray for judgment against Defendants as follows:

1. That the Court determine that the claims brought by the Class may be maintained as a class action;

2. That the Court adjudge and decree that Defendants' confidentiality and non-disparagement clauses violates 1670.8 of the Civil Code and the Unfair Competition Law, section 17200, *et seq.* of the Business and Professions Code;

3. That Defendants and all other persons acting or claiming to act on their behalf or in concert with them, be permanently enjoined and restrained from in any manner continuing to propose, insist, or use any settlement release to waive Uber ride-share service consumers' rights to make any truthful and otherwise lawful statement regarding Defendants and their employees, agents, goods and services;

4. That the Court make such orders or judgments as may be necessary to prevent the use by any Defendant of any act and practice alleged herein that constitutes unfair competition under the authority of the Business and Professions Code section 17200 et seq.

5. That the Court award each Plaintiff and Class member to whom any Defendant proposed (whether directly, indirectly, or vicariously) an illegal gag order, two thousand five hundred dollars ($2,500) against that Defendant for the first time that Defendant made such a proposal to all Plaintiffs, pursuant to Civil Code section 1670.8(c);

6. That the Court award each Plaintiff and Class member to whom any Defendant proposed (whether directly, indirectly, or vicariously) an illegal gag order five thousand dollars ($5,000) against that Defendant for the second and each subsequent time that Defendant made such a proposal to all Plaintiffs, pursuant to Civil Code section 1670.8(c);

7. That, additionally, the Court award each Plaintiff and Class member to whom any Defendant wilfully, intentionally, or recklessly proposed, (whether directly, indirectly, or vicariously) an illegal gag order ten thousand dollars ($10,000) against each Defendant for each time that Defendant made such a proposal to all Plaintiffs, pursuant to Civil Code section 1670.8(d);

1       8. That paragraphs of releases referencing non-disclosure, confidentiality, consideration for

2  confidentiality, release of all claims, 1542 waivers, non-disparagement, and penalty provision of

3  each Plaintiff and Class member's Settlement Contract and Release be stricken as if it never existed;

4       9. That Defendants, and each of them, are permanently enjoined and ordered to tender

5  promptly undisputed amounts, even while additional sums remain disputed when handling claims

6  of individuals who have meritorious bodily injury/wrongful death first party UM/UIM motorist

7  claims;

8       10. That Defendants, and each them, are permanently enjoined and ordered to never again

9  insist that a first party UM/UIM bodily injury/wrongful death claimant agree to confidentiality and

10  non-disparagement as a condition of settlement and payment thereof for injuries resulting from

11  Uber's ride share service;

12       11. That Defendants, and each of them, are enjoined permanently and ordered to never again

13  request a first party UM/UIM bodily injury/wrongful death claimant injured by Uber's ride share

14  services to agree to a release or to any general waiver as a term of receiving any available benefit

15  under the UM/UIM motorist endorsement or coverage;

16       12. That Plaintiff be awarded pre and post judgment interest, and that the interest be awarded

17  at the highest legal rate from and after the date of service of the initial Complaint in this action;

18       13. That Plaintiff be awarded punitive or exemplary damages according to proof;

19       14. That costs of this suit and reasonable attorneys' fees are awarded; and

20       15. That the Court grant other legal and equitable relief as it may deem just and proper under

21  the circumstances, including such other relief as the Court may deem warranted to redress the

22  recurrence of the suppressive effects of Defendants' conduct including its gag orders.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

<u>JURY TRIAL DEMANDED</u>

Plaintiff hereby demands trial by jury for all causes of action, claims, or issues in this action which are triable as a matter of right to a jury.

Respectfully submitted,

Dated: July 12, 2022

**LAW OFFICES OF THOMAS LEARY, APC**

By: _____
Thomas A. Leary, Esq.
Attorneys for Plaintiff and the Class

Dated: July 12, 2022

**HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC**

By: _____
Robert Hamparyan, Esq.
Aida Van Herk, Esq.
Attorneys for Plaintiff and the Class

PROGRESSIVE CLAIMS
747 ALPHA DRIVE
HIGHLAND HTS, OH 44143

**PROGRESSIVE®**





**Underwritten By:**
**Blue Hill Specialty Insurance**
**Company**

Claim Number:
Loss Date:
Document Date: ████████ 2020
Page 1  of 1

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

# Acknowledgement of Representation

We received your letter of representation for ████████ We will be forwarding all future communication regarding your client's claim directly to you.

In order to properly evaluate your client's claim, please forward to us copies of supporting documentation as you receive it.

When we reach a settlement agreement, the required release will include non-disclosure and non-disparagement language. This release will need to be executed by both the attorney and client(s) with a notary seal.

If you have any questions, please contact us.

Claims Department

1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-844-268-4718

Enclosures





**Underwritten By:**
**Blue Hill Specialty Insurance Company**

Claim Number:
Loss Date:
Document Date:                2020
Page 1 of 1

**claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim.

# Claim Information

***WE DO NOT ACCEPT DEMAND PACKAGE OR TIME SENSITIVE MATERIALS VIA EMAIL – THEY MUST EITHER BE MAILED OR FAXED***

We wish to acknowledge receipt of the information/documentation which you have provided in reference to the above captioned claim for ▇▇▇▇▇▇ In our effort to investigate and evaluate this claim, we will need additional time to make a final determination. In our effort to investigate and evaluate this claim, we will need additional time to make a final determination.  Please note the reason(s) listed for additional time:
You have not yet provided the complete demand package, which includes medical documentation.
A determination on your claim cannot be made until we receive the full and complete medical documentation to evaluate your claim.  I will be in contact with you to advise you of the progress of our investigation.

** PLEASE NOTE THAT ONCE WE HAVE REACHED A SETTLEMENT AGREEMENT, THE REQUIRED RELEASE WILL INCLUDE NON-DISCLOSURE AND NON-DISPARAGEMENT LANGUAGE. THIS RELEASE WILL NEED TO BE EXECUTED BY BOTH THE ATTORNEY AND CLIENT(S) WITH A NOTARY STAMP NEEDED. PLEASE CONTACT ME WITH ANY CONCERNS BEFORE SETTLEMENT, TO AVOID DELAY IN RELEASE OF FUNDS.  **

▇▇▇▇▇▇▇▇▇
Claims Department
▇▇▇▇▇▇▇▇
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-844-268-4718

Form 2587 XX (01/08) CA

PROGRESSIVE CLAIMS


# PROGRESSIVE®

**Underwritten By:**
**Blue Hill Specialty Insurance**
**Company**

Claim Number
Loss Date:
Document Date:
Page 1 of 1

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

## Important information about your claim

Thank you for discussing          aim on
We would like to confirm our offer of $·          for settlement of          . Uninsured Motorist claim.
** As this policy is maintained by Uber, our release will include a non-disclosure and non-disparagement clause that will
need to be signed off WITH a notary by the client as well as the attorney in order for us to have a settlement. ***.
Please extend this offer to your client as soon as possible so we can take the next step to resolve this claim.
If you have any questions, please contact us.

Claims Department



Enclosure

PROGRESSIVE CLAIMS
747 ALPHA DRIVE
HIGHLAND HEIGHTS, OH 44143



**Underwritten By:**
**Blue Hill Specialty Insurance Company**

Claim Number: ▓▓▓▓▓▓▓
Loss Date: ▓▓▓▓▓▓▓
Document Date ▓▓▓▓ 2021
Page 1 of 1

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

# Important information about your claim

Thank you for discussing ▓▓▓▓▓ claim on ▓▓▓▓▓▓▓▓▓
We would like to confirm our offer of $▓▓▓▓ for settlement of ▓▓▓▓▓▓ Uninsured Motorist claim.

** As this policy is maintained by Uber, our release will include a non-disclosure and non-disparagement clause that will
need to be signed off WITH a notary by the client as well as the attorney in order for us to have a settlement. **

Please extend this offer to your client as soon as possible so we can take the next step to resolve this claim.

If you have any questions, please contact us.

▓▓▓▓▓▓▓▓
Claims Department
▓▓▓▓▓▓▓▓

1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-844-268-4718

Enclosure
Form Z463.01 XX (01/08) CA

## CONFIDENTIAL AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This CONFIDENTIAL AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS ("Release") is made effective as of the _____ day of _____, ████, by ████████ and ██ trusts, heirs, assigns, beneficiaries, insurers and spouses ("Releasor") in favor of James River Insurance Company ("UIM Insurer"), ████████, and Rasier, LLC, Rasier- CA, LLC, Uber Technologies, Inc., as well as all of their respective past, present or future administrators, affiliates, agents, associates, associations, assigns, attorneys, beneficiaries, corporations, directors, divisions, employees, executors, firms, grantees, heirs, independent contractors, insurers and reinsurers, joint venturers, managers, members, officers, parents, partners, partnerships, predecessors, representatives, servants, shareholders, successors, subsidiaries, transferees, trustees, vendees, legal and equitable owners and all persons and legal entities acting by, through, under, or in concert with them; and all persons and legal entities who could suffer or sustain liability by, through, or under any of them, collectively referred to as the "Released Parties". Releasor and the Released Parties are sometimes referred to herein singly as a "Party" and collectively as the "Parties."

### RECITALS

WHEREAS, On or about ████████, Releasor and a third party at fault, identified as ████ ("At-Fault Third Party") were involved in an automobile accident in which Releasor alleges that the At-Fault Third Party was responsible for certain bodily injuries allegedly suffered by Releasor (referred to herein as the "Accident");

WHEREAS, Releasor alleges that At-Fault Third Party is responsible for damages including but not limited to bodily injuries, Releasor's loss of income, pain and suffering, general damages, and other consequential damages arising out of the Accident (the "Claim"), and has made such Claim for damages from At-Fault Third Party's automobile liability insurance carrier ("At-Fault Insurer"). Releasor warrants and represents that the At-Fault Insurer settled Releasor's Claim in exchange for payment of the policy limit of $████;

WHEREAS, Releasor has submitted the Claim to UIM Insurer for payment of the "bodily injury" damage under the Underinsured Motorist Bodily Injury Coverage available to Releasor under Business Auto Policy No. ████████ ("UIM Coverage") (hereinafter the "UIM Claim") as well as Releasor's own personal UIM Coverage through the Interinsurance Exchange of the Automobile Club of Southern California ("AAA");

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged by Releasor, the Releasor agrees as follows:

## TERMS AND CONDITIONS

**Section 1: Settlement Amount.** Following the full execution of this Release and all other requested settlement documentation including but not limited to W9 tax forms, Medicare authorizations, Medicaid authorizations or medical lien information, as applicable, UIM Insurer shall pay the sum of _____ ("Settlement Funds") to Releasor via check or wire transfer made payable to "███████████████████████████████████████"

**Section 2: Release of All Claims.** Effective upon UIM Insurer's performance of its obligations as referenced in Section 1 above, for and in consideration of this Release, the terms and sufficiency of which are hereby agreed to and acknowledged by the Parties, Releasor, on behalf of Releasor, Releasor's heirs, beneficiaries, executors, administrators, predecessors, successors, insurers, agents, servants, representatives, employees and all other persons, firms or corporations with any legal or equitable interest in any vehicle or other personal property for which damages are being alleged as part of the Claim, hereby release and forever discharge James River Insurance Company, ███████████████, Rasier, LLC, Rasier-CA, LLC, Uber Technologies, Inc. and their respective past, present or future administrators, affiliates, agents, associates, associations, assigns, attorneys, beneficiaries, corporations, directors, divisions, employees, executors, firms, grantees, heirs, independent contractors, insurers and reinsurers, joint venturers, managers, members, officers, parents, partners, partnerships, predecessors, representatives, servants, shareholders, successors, subsidiaries, transferees, trustees, vendees, legal and equitable owners and all persons and legal entities acting by, through, under, or in concert with them; and all persons and legal entities who could suffer or sustain liability by, through, or under any of them, from any and all claims, liens, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, both known and unknown, now existing or which may arise in the future, including claims for bodily injuries, property damage, loss of income, loss of use of personal property, loss of rents, attorneys' fees, costs, consequential damages of any nature or any other claims or causes of action arising out of the Accident, the Claim or the UIM Claim. Specifically included in this Release are any and all claims which Releasor may discover after the execution of this Release which arise out of the Accident.

**Section 3: Non-Admission of Liability.** The Parties understand and represent that reliance is placed wholly upon their own judgment, belief and knowledge as to the nature, extent and duration of any injuries and damages alleged in this case; that no statements with regard thereto made by or on behalf of any of the Parties hereby released have, in any way, influenced the Parties entering this Release; that the foregoing payments are received in settlement and compromise over a disputed claim and do not constitute an admission of any liability whatsoever by any of the Parties hereby released; and the terms hereof are contractual and not mere recitals.

**Section 4: Medicare and Other Governmental Entities.** By signing this Release, Releasor affirms/acknowledges the following to be true:

a.   Releasor has not received any Medicare payments of any kind arising out of the injuries or damages claimed in the aforementioned Claim or released by this Release and there have been no Medicare conditional payments made on behalf of Releasor arising out of the Accident or related to the claims asserted in connection with it;

b.   Releasor has not applied for or received Social Security Disability Benefits within the last 24 months;

c.   Releasor has not been denied Social Security benefits with anticipation of appealing that decision;

d.   Releasor is not in the process of appealing and/or re-filing for Social Security Disability benefits;

e.   Releasor is not intending to apply for Medicare or Social Security Disability benefits;

f.   Releasor does not have a current diagnosis of End-Stage Renal Disease.

The Parties have considered Medicare's interests in this case. It is not the intention of the Released Parties to shift the responsibility for paying past and/or future medical expenses related to Releasor's injuries to Medicare. Based upon the representations of Releasor as contained above, Releasor and Releasor's attorneys confirm that they concur with the Released Parties that the circumstances do not require the use of a Medicare set-aside in the settlement of Releasor's claims. Should it later be determined that Releasor was, in fact, either receiving or entitled to receive Social Security Disability and/or Medicare benefits at the time that this Release is executed, Releasor agrees to reimburse the Released Parties and/or their attorneys and/or Medicare for any valid claim or lien asserted by Medicare, and will indemnify, defend, and hold the Released Parties and/or their attorneys harmless from any such claims, including payment of any interest, costs or attorneys' fees incurred by the Released Parties in connection with such claims or liens.

The Parties have also considered the interests of other governmental entities in resolving this matter. It is not the intention of the Released Parties to shift the responsibility for paying any allegedly related expenses upon any governmental entity (including but not limited to: Social Security, a state's Medicaid program or variation thereof, and/or any federal or state disability program). Should it later be determined that Releasor was, in fact, either receiving or entitled to receive such benefits at the time that this release is executed, Releasor agrees to reimburse the Released Parties and/or their attorneys and/or the claiming governmental agency for any valid claim or lien asserted by said governmental agency, and will indemnify, defend and hold the Released Parties and/or their attorneys harmless for any such claims, including the payment of any

interest, costs or attorneys' fees incurred by the Released Parties in connection with such claims or liens.

Releasor acknowledges and understands that any present or future action or decision by CMS, Medicare, Medicaid, any federal or state disability program, and/or any other governmental entity on this settlement, or any of the Releasor's eligibility or entitlement to Medicare or Medicare payments, will not render this Release void or ineffective, or in any way affect the finality of this settlement.

**Section 5: Complete Compromise.** RELEASOR ACKNOWLEDGES THAT RELEASOR HAS BEEN ADVISED IN WRITING THAT THE SCOPE OF THIS RELEASE INCLUDES ALL KNOWN AND UNKNOWN CLAIMS, PAST, PRESENT AND FUTURE, ARISING OUT OF THE ACCIDENT, INCLUDING THOSE CLAIMS THAT RELEASOR COULD NOT WITH REASONABLE DILIGENCE HAVE DISCOVERED PRIOR TO THE EXECUTION OF THIS RELEASE. RELEASOR UNDERSTANDS THAT EVEN IF HE SUFFERS FUTURE LOSSES, DAMAGES, DISABILITY, SUFFERING OR THE RESULT THEREOF, OR IN THE EVENT UNEXPECTED COMPLICATIONS ARISE, HE MAY NEVER MAKE ANY CLAIM FOR MORE MONEY FROM THE RELEASED PARTIES, OR ANY AFFILIATED COMPANY, IN CONNECTION WITH THE INCIDENT. RELEASOR FURTHER AGREES THAT HE HAS ACCEPTED PAYMENT OF THE SUMS SPECIFIED HEREIN AS A COMPLETE COMPROMISE OF MATTERS INVOLVING DISPUTED ISSUES OF LAW AND FACT AND THAT RELEASOR ASSUMES THE RISK THAT THE FACTS OR LAW MAY BE OTHER THAN HE BELIEVES.

**Section 6: Voluntary Agreement.** In entering into this Release, the Parties represent that they have had the opportunity to consult with their own legal counsel and are encouraged to have said counsel review this Release and advise the Parties concerning the legal consequences of this Release; that the terms of this Release have been completely read and explained to the Parties by their attorney; and that the terms of this Release are fully understood and voluntarily accepted by the Parties.

**Section 7: Finality.** Releasor agrees that upon the Release set forth herein becoming effective, it will forever refrain and forebear from commencing, instituting or prosecuting any lawsuit, action or other proceeding against the Released Parties based on, arising out of, or in connection with any claim, debt, liability, claim, obligation, cost, expense, action, or cause of action that is released and discharged by reason of this Release.

**Section 8: Attorneys' Fees and Indemnity.** Each of the Parties shall bear its own costs and attorneys' fees in connection with the Claim and in connection with this Release. Releasor warrants and represents that they are wholly responsible for the payment of any attorneys' fees and costs associated with the Claim. Releasor agrees to defend and indemnify the Released Parties against any such claim for attorneys' fees and costs in the event that Releasor fails to pay such attorneys' fees and costs. Releasor also warrants and represents that the Release set forth above

includes any subrogation rights of Releasor's insurer, if any, and to the extent that said insurer may have an interest in the proceeds of any settlement of the Claim, Releasor agrees to defend and indemnify the Released Parties against any such claim.

    Section 9: Further Assurances and Cooperation. All Parties to this Release agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.

    Section 10: Binding Agreement. This Release shall be binding upon and inure to the benefit of the Parties as well as their heirs, owners, officers, directors, partners, executors, administrators, successors, agents, servants, representatives, employees and all other persons, firms or corporations with whom any of the former have been, are now or may hereafter be affiliated. This Release represents the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. Releasor covenants that they have not entered into this Release as a result of any representation, agreement, inducement or coercion, except to the extent specifically provided herein. Releasor further covenants that the consideration recited herein is the only consideration for entering into this Release, and that no promises or representations of other or further consideration have been made by any person. Releasor further represents and covenants that in executing this Release, Releasor does so with knowledge of any and all rights which they may have with respect to the provisions of this Release; that they have carefully read and considered this Release and fully understands its contents and the significance of its contents; that they are entering into this Release of their own informed and free will and based upon their own judgment and that they have obtained independent legal advice with respect to this Release. This Release may be amended only by an agreement in writing and duly executed by all Parties hereto.

    Section 11: Legal Capacity. The undersigned represent and warrant that they have the right, power, legal capacity and authority to enter into and perform the obligations under this Release on behalf of the Party they represent, and that no further approval or consent of any person or entity is necessary to enter into and perform such obligations.

    Section 12: Entire Agreement. This Release is meant to express the full intent of the Parties and to supersede all prior agreements, whether written or oral, with respect to the subject matter hereof. This Release may only be modified by the Parties in a writing signed by all of the Parties. The Parties agree to execute any and all further documents which may reasonably be necessary to carry out the terms and conditions of this Release.

    Section 13: Assignment: The undersigned hereby represent and warrant that they have not heretofore assigned or transferred or purported to assign or transfer any claim, demand, action, cause of action or right herein released or discharged.

Section 14: Severability: Each and every provision of this Release is separate and distinct from any and all other provisions of this Release. Should any provision or provisions of this Release be, for any reason, unenforceable, the remaining provisions shall nonetheless be of full force and effect. Any provision found or deemed invalid or unenforceable shall only be so to the extent and scope required by law.

Section 15: One Thousand and 00/100 Dollars ($1,000.00) of the Settlement Funds as outlined in Section 1 above is intended and accepted as separate and specific consideration for the following:

15(a) Confidentiality. Releasor and Releasor's counsel agree to strict confidentiality regarding Confidential Information. As used herein, Confidential Information means: (1) this Release and all of its terms, (2) the settlement amount, any prior offers, and negotiations leading up to this Release, (3) the identity of the Parties to this Release, and/or (4) any facts giving rise to this Release that could identify any Released Party ("Confidential Information"). With respect to Confidential Information, Releasor and Releasor's attorneys, at the direction of Releasor which is expressly given by Releasor to Releasor's attorneys upon execution of this Release, agree not to publish, disclose, seek publicity, advertise, or allow access to any Confidential Information including but not limited to using and/or communicating on, with and/or to (a) social/digital media; (b) traditional media (print, television, radio, press conferences or public statements); (c) owners of taxi or livery service companies and organizations that represent their interests; and/or (d) the internet. Nothing in this Release is intended to or does restrict or limit cooperation with or provision of information to any federal, state or local government agency. Should any of the Parties to this Release receive an inquiry regarding the settlement or facts giving rise to same, he or she shall respond by saying only, "I have no comment other than this matter was resolved."

15(a)(1). Notwithstanding the above, Releasor may communicate, only as necessary, Confidential Information to professional advisors, such as accountants, bankers, insurers, or attorneys in connection with the discharge of those professionals' engagements by Releasor. In doing so, Releasor agrees to advise said professional of the terms of this Confidentiality Provision, and obtain the agreement and assurance of that professional that he or she will abide by the same. Releasor may also disclose Confidential Information as required by law or court order. Under such circumstances, no less than ten (10) business days before the required disclosure, Releasor shall notify Uber Technologies, Inc. in writing via email at insurance-lit-attorneys-group@uber.com and by registered mail at Attn: Uber Legal ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for the purpose of enabling the Released Parties to take action to limit or prevent the disclosure of Confidential Information as deemed necessary. In the event Releasor violates this Confidentiality Provision of the Release, Releasor agrees to pay to Uber Technologies, Inc. [25% of settlement amount] in

liquidated damages per violation plus reasonable attorneys' fees and costs incurred to enforce this Release.

15(a)(2). This Confidentiality Provision is independent of all other terms or provisions of this Release. Any breach of this Confidentiality Provision shall not abridge, affect, breach, discharge, impair, void or waive any other terms or provisions of this Release, or any other right or obligation under this Release, all of which shall survive and remain in full force and effect notwithstanding any breach of this Confidentiality provision

15(a)(3). The disclosure of Confidential Information, in violation of this Confidentiality Provision, shall be a material breach of the Release. Releasor acknowledges and agrees that such a breach of the Confidentiality Provision would cause irreparable harm to the Released Parties. The Released Parties shall be entitled to an injunction against any further violation of the Release.

15(a)(4). By execution of this Release, Releasor and Releasor's attorney affirm that they have not previously disclosed the terms of the Release or the value of the Settlement Funds to any person or entity.

15(b) Non-Disparagement. Releasor and Releasor's attorney agree that they will not take any action or make any statements, verbal, electronic, or written, to any third-party that disparage or defame the Released Parties with regard to the Incident and the related Claim. By execution of this Release, Releasor also directs Releasor's attorney to adhere to terms as stated in this Non-Disparagement Provision specifically with regard to the Incident and the related Claim. Nothing in this clause restricts the Releasor's attorney's ability to exercise their independent professional judgement in any future claims that may be brought against the Released Parties that arise out of unrelated incidents. Any future claims or complaints brought against the Released Parties arising out of an unrelated incident shall not be seen as a violation of this Non-Disparagement Clause, except however, that this Non-Disparagement Clause shall continue to govern and apply to the Incident and Claim that is the subject of this Release.

Section 16: Governing Law. Regardless where executed, this Release shall be deemed to have been made and performed in California. All rights arising under this Release, and all disputes and controversies arising from or in connection with this Release, shall be governed by and determined in accordance with the internal substantive and remedial laws of California only, and without regard for any choice of laws rules.

Section 17: No Ambiguities. The Parties acknowledge that this Release has been negotiated at arm's length among persons knowledgeable in the matters herein. Accordingly, any rule of law, including, but not limited to, California Civil Code Section 1654, or any other statute, legal decision, or common law principle of similar effect, that would require interpretation of any ambiguity in this Release against the party that has drafted it, is of no application here and is hereby

expressly waived. This Release and its provisions shall be interpreted in a reasonable manner to give effect to the Parties' mutual intentions.

Section 18: Section 1542 Waivers. RELEASOR EXPRESSLY WAIVES AND RELINQUISHES ALL RIGHTS AND BENEFITS AGAINST THE RELEASED PARTIES AFFORDED BY SECTION 1542 OF THE CIVIL CODE OF CALIFORNIA, AND DOES SO UNDERSTANDING AND ACKNOWLEDGING THE SIGNIFICANCE AND CONSEQUENCE OF SUCH SPECIFIC WAIVER OF SECTION 1542. SECTION 1542 READS AS FOLLOWS:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Section 19: Execution in Counterparts.** This Release may be executed in counterparts. A photocopy or facsimile copy of this fully-executed Release may be used in lieu of the original executed copy for all purposes, and shall be binding on the parties hereto as though an original executed Release.

PLEASE READ CAREFULLY. THIS AGREEMENT AND GENERAL RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN OR UNKNOWN CLAIMS.  RELEASOR HAS READ THIS RELEASE, UNDERSTANDS AND ACCEPTS EACH OF ITS TERMS, AND AGREES TO BE FULLY BOUND BY IT.

_____               _____
Releasor's Name (printed)                      Releasor's Signature

(Notary Seal)
*Subscribed and sworn to by* _____
*before me on* _____, *in* _____*County,*_____
_____. *Signature of Notary:*_____
_____ *Printed Name of Notary:*_____
_____
*Notary Public, State of* _____, *County of* _____
*My  commission expires:*_____


_____               _____
Attorney's Name (printed)                      Attorney's Signature
Agreed as to Confidentiality and
Non-Disparagement and Consent to be bound by the same

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| DIVISION: Central | |
| TELEPHONE NUMBER: (619) 450-7069 | |

| PLAINTIFF(S) / PETITIONER(S):     Alexander Gavric |
|---|

| DEFENDANT(S) / RESPONDENT(S):  Uber Technologies Inc et.al. |
|---|

| GAVRIC VS UBER TECHNOLOGIES INC [E-FILE] |
|---|

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 37-2022-00027585-CU-BT-CTL |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Katherine Bacal                                              Department: C-69

## COMPLAINT/PETITION FILED: 07/12/2022

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 12/16/2022 | 09:30 am | C-69 | Katherine Bacal |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC.  (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
  • **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint.  An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint.  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed.  If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
  • **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
  • **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6).  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date.  See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged.  The court encourages and expects the parties to consider using ADR options prior to the CMC.  The use of ADR will be discussed at the CMC.  Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert Hamparyan, Esq. (SBN 181934); Aida Van Herk, Esq. (SBN 297607) HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC 275 West Market Street San Diego, CA 92101 | **ELECTRONICALLY FILED** Superior Court of California, County of San Diego 07/12/2022 at 06:50:59 PM Clerk of the Superior Court By Jimmy Siharath, Deputy Clerk |

TELEPHONE NO.: (619) 550-1355    FAX NO.: (619) 550-1356
ATTORNEY FOR *(Name):* Plaintiff and Putative Class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W Broadway
MAILING ADDRESS: 330 W Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME:
GAVRIC, et al. v. UBER TECHNOLOGIES, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2022-00027585-CU-BT-CTL |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Katherine Bacal DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: July 12, 2022
Robert Hamparyan, Esq.
_____
(TYPE OR PRINT NAME)
▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkFlow.com

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:           Central | |

| PLAINTIFF(S):   Alexander Gavric |
|---|
| DEFENDANT(S): Uber Technologies Inc et.al. |
| SHORT TITLE:   GAVRIC VS UBER TECHNOLOGIES INC [E-FILE] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2022-00027585-CU-BT-CTL |
|---|---|

Judge: Katherine Bacal                                                   Department: C-69

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                              ☐ Non-binding private arbitration

☐ Mediation (private)                                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)            ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

_____                 _____
Name of Plaintiff                                                         Name of Defendant

_____                 _____
Signature                                                                   Signature

_____                 _____
Name of Plaintiff's Attorney                                          Name of Defendant's Attorney

_____                 _____
Signature                                                                   Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/14/2022                                                 _____
                                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2022-00027585-CU-BT-CTL        CASE TITLE: Gavric vs Uber Technologies Inc [E-File]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

        **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
        **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** _and_
        **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| | |
|---|---|
| **Attorney or Party without Attorney:**<br>Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>  Telephone No: 619-550-1355 | **For Court Use Only**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/23/2022** at 02:58:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

**Attorney For:** Plaintiff individually and on behalf of all others similarly situated    *Ref. No. or File No.:* 4442

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* ALEXANDER GAVRIC, individually and on behalf of all others similarly situated

*Defendant:* UBER TECHNOLOGIES, INC., a Delaware corporation

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* 12/16/2022 | *Time:* 9:30AM | *Dept/Div:* C-69 | *Case Number:* 37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

3. *a. Party served:* PROGRESSIVE COMMERCIALCASUALTYCORP dba PROGRESSIVE INSURANCE, a Ohio corporation
   *b. Person served:* Jessie Gastelum, Intake Specialist, CT Corporation System, Registered Agent

4. *Address where the party was served:* 330 N Brand Blvd Suite 700, Glendale, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Aug 15 2022 (2) at *(time)*: 12:40 PM
   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: PROGRESSIVE COMMERCIALCASUALTYCORP dba PROGRESSIVE INSURANCE, a Ohio corporation
   under the following Code of Civil Procedure section:

   | | | | |
   |---|---|---|---|
   | [X] | 416.10 (corporation) | [ ] | 415.95 (business organization, form unknown) |
   | [ ] | 416.20 (defunct corporation) | [ ] | 416.60 (minor) |
   | [ ] | 416.30 (joint stock company/association) | [ ] | 416.70 (ward or conservatee) |
   | [ ] | 416.40 (association or partnership) | [ ] | 416.90 (authorized person) |
   | [ ] | 416.50 (public entity) | [ ] | 415.46 (occupant) |
   | [ ] | other: | | |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*7509909
(15051447)
Page 1 of 2*

| Attorney or Party without Attorney: Robert Hamparyan, Esq. (SBN 181934) HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC 275 W Market Street San Diego, CA 92101 Telephone No: 619-550-1355 | | | | | For Court Use Only |
|---|---|---|---|---|---|
| Attorney For: Plaintiff individually and on behalf of all others similarly situated | | | Ref. No. or File No.: 4442 | | |
| Insert name of Court, and Judicial District and Branch Court: SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO | | | | | |
| Plaintiff: ALEXANDER GAVRIC, individually and on behalf of all others similarly situated Defendant: UBER TECHNOLOGIES, INC., a Delaware corporation | | | | | |
| PROOF OF SERVICE SUMMONS | Hearing Date: 12/16/2022 | Time: 9:30AM | Dept/Div: C-69 | Case Number: 37-2022-00027585-CU-BT-CTL | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a.  Name:              Douglas Forrest
   b.  Address:          **c/o FIRST LEGAL**
                             530 B Street, Suite 1050
                             SAN DIEGO, CA 92101
   c.  Telephone number:    (619) 231-9111
   d.  **The fee** for service was:  $50.05
   e.  I am:
      (1)  ☐  not a registered California Process Server.
      (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☒  a registered California process server:
          (i)  ☐ owner  ☐ employee  ☒ independent contractor
          (ii)  Registration No:  5141
          (iii)  County:  Los Angeles

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



| 08/16/2022 | |
|---|---|
| *(Date)* | Douglas Forrest |



| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>   Telephone No: 619-550-1355<br>  *Attorney For:* Plaintiff individually and on behalf of<br>   all others similarly situated       *Ref. No. or File No.:*<br>                                       4442 | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/23/2022** at 02:58:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

| | |
|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN<br>DIEGO | |
| *Plaintiff:* ALEXANDER GAVRIC, individually and on behalf of all others similarly<br>          situated<br>*Defendant:* UBER TECHNOLOGIES, INC., a Delaware corporation | |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:*<br>12/16/2022 | *Time:*<br>9:30AM | *Dept/Div:*<br>C-69 | *Case Number:*<br>37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

3. *a. Party served:* RASIER, LLC, a Delaware limited liability company
   *b. Person served:* Jessie Gastelum, Intake Specialist, CT Corporation System, Registered Agent

4. *Address where the party was served:* 330 N Brand Blvd Suite 700, Glendale, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Aug 15 2022 (2) at *(time)*: 12:40 PM

   (1) [ X ] (business)
   (2) [   ] (home)
   (3) [   ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [   ] as an individual defendant.
   b. [   ] as the person sued under the fictitious name of *(specify)*:
   c. [   ] as occupant.
   d. [ X ] On behalf of *(specify)*: RASIER, LLC, a Delaware limited liability company
       under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [   ] 416.10 (corporation) | [   ] 415.95 (business organization, form unknown) |
   | [   ] 416.20 (defunct corporation) | [   ] 416.60 (minor) |
   | [   ] 416.30 (joint stock company/association) | [   ] 416.70 (ward or conservatee) |
   | [   ] 416.40 (association or partnership) | [   ] 416.90 (authorized person) |
   | [   ] 416.50 (public entity) | [   ] 415.46 (occupant) |
   | [ X ] other:   limited liability company | |



| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Robert Hamparyan, Esq. (SBN 181934) | |
| HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC | |
| 275 W Market Street | |
| San Diego, CA 92101 | |
| Telephone No: 619-550-1355 | |

| Attorney For: Plaintiff individually and on behalf of all others similarly situated | Ref. No. or File No.: 4442 |
|---|---|

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO

Plaintiff: ALEXANDER GAVRIC, individually and on behalf of all others similarly situated

Defendant: UBER TECHNOLOGIES, INC., a Delaware corporation

| PROOF OF SERVICE SUMMONS | Hearing Date: 12/16/2022 | Time: 9:30AM | Dept/Div: C-69 | Case Number: 37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Douglas Forrest
   b. Address: **c/o FIRST LEGAL**
      530 B Street, Suite 1050
      SAN DIEGO, CA 92101
   c. Telephone number: (619) 231-9111
   d. **The fee** for service was: $138.80
   e. I am:
      (1) ☐ not a registered California Process Server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
          (i) ☐ owner ☐ employee ☒ independent contractor
          (ii) Registration No: 5141
          (iii) County: Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



08/16/2022
*(Date)*

Douglas Forrest



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7509892
(15051442)
Page 2 of 2

| Attorney or Party without Attorney:<br>Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>  Telephone No: 619-550-1355 | | *For Court Use Only* |
|---|---|---|
| Attorney For:  Plaintiff individually and on behalf of<br>  all others similarly situated | Ref. No. or File No.:<br>4442 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/23/2022** at 02:58:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO | | |
| Plaintiff:  ALEXANDER GAVRIC, individually and on behalf of all others similarly situated<br>Defendant:  UBER TECHNOLOGIES, INC., a Delaware corporation | | |

| **PROOF OF SERVICE SUMMONS** | Hearing Date:<br>12/16/2022 | Time:<br>9:30AM | Dept/Div:<br>C-69 | Case Number:<br>37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

3.  *a.  Party served:*        RASIER-CA, LLC, a Delaware limited liability company
    *b.  Person served:*    Jessie Gastelum, Intake Specialist, CT Corporation System, Registered Agent

4.  *Address where the party was served:*    330 N Brand Blvd Suite 700, Glendale, CA 91203

5.  *I served the party:*
    a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Aug 15 2022 (2) at *(time)*: 12:40 PM
    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify)*:
    c.  [ ]  as occupant.
    d.  [X]  On behalf of *(specify)*:   RASIER-CA, LLC, a Delaware limited liability company
        under the following Code of Civil Procedure section:
        [ ]  416.10 (corporation)                    [ ]  415.95 (business organization, form unknown)
        [ ]  416.20 (defunct corporation)            [ ]  416.60 (minor)
        [ ]  416.30 (joint stock company/association) [ ]  416.70 (ward or conservatee)
        [ ]  416.40 (association or partnership)      [ ]  416.90 (authorized person)
        [ ]  416.50 (public entity)                  [ ]  415.46 (occupant)
        [X]  other:   limited liability company



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*7509917*
*(15051445)*
Page 1 of 2

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>Telephone No: 619-550-1355<br><br>Attorney For: Plaintiff individually and on behalf of all others similarly situated    Ref. No. or File No.: 4442 | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO |

| Plaintiff: | ALEXANDER GAVRIC, individually and on behalf of all others similarly situated |
|---|---|
| Defendant: | UBER TECHNOLOGIES, INC., a Delaware corporation |

| PROOF OF SERVICE SUMMONS | Hearing Date:<br>12/16/2022 | Time:<br>9:30AM | Dept/Div:<br>C-69 | Case Number:<br>37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Douglas Forrest
   b. Address: **c/o FIRST LEGAL**
      530 B Street, Suite 1050
      SAN DIEGO, CA 92101
   c. Telephone number: (619) 231-9111
   d. **The fee** for service was: $50.05
   e. I am:
      (1) ☐ not a registered California Process Server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: 5141
         (iii) County: Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



| 08/16/2022 | |
|---|---|
| *(Date)* | *Douglas Forrest* |


Judicial Council Form POS-010
Rule 2.150.(a)(b) Rev January 1, 2007

PROOF OF
SERVICE
SUMMONS

7509917
(15051445)
Page 2 of 2

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>Telephone No: 619-550-1355 | *For Court Use Only*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**08/23/2022** at 02:58:00 PM<br>Clerk of the Superior Court<br>By E- Filing,Deputy Clerk |

*Attorney For:* Plaintiff individually and on behalf of all others similarly situated — *Ref. No. or File No.:* 4442

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* ALEXANDER GAVRIC, individually and on behalf of all others similarly situated
*Defendant:* UBER TECHNOLOGIES, INC., a Delaware corporation

| **PROOF OF SERVICE SUMMONS** | *Hearing Date:* 12/16/2022 | *Time:* 9:30AM | *Dept/Div:* C-69 | *Case Number:* 37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL); ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)

3. *a. Party served:* UBER TECHNOLOGIES, INC., a Delaware corporation
   *b. Person served:* Jessie Gastelum, Intake Specialist, CT Corporation System, Registered Agent

4. *Address where the party was served:* 330 N Brand Blvd Suite 700, Glendale, CA 91203

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Aug 15 2022 (2) at *(time)*: 12:40 PM
   (1) [X] (business)
   (2) [ ] (home)
   (3) [ ] (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*: UBER TECHNOLOGIES, INC., a Delaware corporation
   under the following Code of Civil Procedure section:
   [X] 416.10 (corporation)  [ ] 415.95 (business organization, form unknown)
   [ ] 416.20 (defunct corporation)  [ ] 416.60 (minor)
   [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
   [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
   [ ] 416.50 (public entity)  [ ] 415.46 (occupant)
   [ ] other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

*7509885*
*(15051443)*
Page 1 of 2

| Attorney or Party without Attorney:<br>Robert Hamparyan, Esq. (SBN 181934)<br>HAMPARYAN PERSONAL INJURY LAWYERS SAN DIEGO, APC<br>275 W Market Street<br>San Diego, CA 92101<br>  Telephone No: 619-550-1355 | | For Court Use Only |
|---|---|---|
| Attorney For: Plaintiff individually and on behalf of<br>all others similarly situated | Ref. No. or File No.:<br>4442 | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF SAN DIEGO | | |
| Plaintiff: ALEXANDER GAVRIC, individually and on behalf of all others similarly situated<br>Defendant: UBER TECHNOLOGIES, INC., a Delaware corporation | | |

| PROOF OF SERVICE SUMMONS | Hearing Date:<br>12/16/2022 | Time:<br>9:30AM | Dept/Div:<br>C-69 | Case Number:<br>37-2022-00027585-CU-BT-CTL |
|---|---|---|---|---|

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
  a.  Name:            Douglas Forrest
  b.  Address:        **c/o FIRST LEGAL**
                          530 B Street, Suite 1050
                          SAN DIEGO, CA 92101
  c.  Telephone number:    (619) 231-9111
  d.  **The fee** for service was:   $50.05
  e.  I am:
      (1)  [ ]  not a registered California Process Server.
      (2)  [ ]  exempt from registration under Business and Professions Code section 22350(b).
      (3)  [X]  a registered California process server:
          (i)  [ ] owner   [ ] employee   [X] independent contractor
          (ii)  Registration No:   5141
          (iii)  County:   Los Angeles

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*



| 08/16/2022 | |
|---|---|
| *(Date)* | Douglas Forrest |



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**